J. K. ORR SHOE CO. *v.* EDWARDS ET AL.

[71 South. 816.]

1. JUDGMENT. *Conclusiveness. Different claims. Matters which could not have been adjudicated limitation of action. Fraud. Discovery. Conspiracy. Equitable jurisdiction.*

A judgment for defendant in a former suit for shoes sold by plaintiff to defendant which judgment was awarded defendant

on his plea that he had not received the goods and also that plaintiff had released him in consideration of his assigning of the cause of action against the railway for non-delivery, does not bar a later suit by the same plaintiff, alleging a fraudulent conspiracy by defendant with another to defraud plainttff of the value of these goods, which was discovered after the first judgment.

2. LIMITATION OF ACTIONS. *Fraud. Discovery.*

Where complainant exercised reasonable diligence to discover a fraud, the statute of limitations does not run against him until the fraud is discovered.

3. CONSPIRACY. *Equitable jurisdiction.*

Where a bill charges a fraudulent conspiracy in obtaining goods belonging to complainant and prays discovery and for an accounting, it shows a case for equity jurisdiction.

APPEAL from the chancery court of Jones county.

HON. SAM WHITMAN, Jr., Chancellor.

Suit by the J. K. Orr Shoe Company against D. V. Edwards and another. Demurrer to bill of complaint sustained; complainant appeals.

On the 17th day of April, 1913, appellant filed its original bill of complaint in the chancery court of the Second district of Jones county against D. V. Edwards and J. C. McKinley. Appellant sets out in its original bill of complaint that it is a corporation domiciled in Atlanta, Ga., and the defendants are residents of the Second district of Jones county. Complainant sets out that it sold to D. V. Edwards at Gitano, Miss., two hundred and twenty-eight pairs of shoes for the sum of three hundred and seventy-six dollars and eighty-five cents, and that by the terms of contract of said sale said shoes were to be shipped to Gitano, Miss., a flag station on the branch line of the Gulf & Ship Island Railroad Company; that Gitano was a station where the railroad maintained no depot, but threw off freight at the risk of consignee, requiring, therefore, that the freight charges be paid in advance; that although the complainant had promptly filled the order for the shoes

above mentioned and promptly delivered the same to the railroad company, through some fault of the railroad company said shoes were not delivered promptly at Gitano; that the said shoes were packed in crates and boxes, and when they arrived at Gitano were thrown off the freight train and remained there for several days, when same disappeared. The bill further alleges that, defendant Edwards having declined to pay for the said shoes, complainant brought suit against him on open account, and that Edwards appeared and filed his plea, stating that after he had given appellants the order for said shoes and did not receive them, appellant's traveling salesman called on him at Summerland, Miss., where appellee was then in business, and on the condition that he be relieved of paying for the shoes, he gave appellant's traveling salesman the bill of lading for said shoes in order to make claim against the railroad company, and gave appellant's traveling salesman another order for goods to be shipped to him at Summerland. At the October, 1910, term of said court this case was tried before a jury and this issue submitted to the jury, and the jury decided in favor of the appellee Edwards. Appellant further alleged in his bill that on the 5th day of May, 1907, appellee D. V. Edwards sold his stock of goods at Gitano to J. W. McKinley, who was made a defendant to the original bill. It is alleged that McKinley took charge of said stock of goods at Gitano, and remained in charge for several months, and that then the said McKinley resold the said stock of goods to appellee. The bill further alleges that as soon as it was found out that Edwards had not received the thirteen boxes containing said shoes, appellant diligently endeavored to locate same; and to ascertain who did get the shoes, but that its efforts were unsuccessful until within six months before the filing of its bill of complaint, when it learned for the first time that J. W. McKinley got the shoes, and learned at the same time that McKinley carried the shoes in question to his store at

Gitano, Miss., and unpacked them and placed them with the stock of goods that he had, only a short time before, bought from Edwards, and that afterwards McKinley resold the said stock of shoes containing the identical shoes to appellee, and that when McKinley took the shoes that he knew the shoes had been consigned by appellant to appellee, and that when Edwards bought the stock of goods from McKinley he bought it with the full knowledge that it contained the said two hundred and twenty-eight pairs of shoes shipped by appellant to appellee. The bill further alleges that, even before the trial of the case in the circuit court, appellee knew that McKinley had taken possession of the shoes, and that when he rebought the stock of goods, he knew that the two hundred and twenty-eight pairs of shoes or a part of them, were in the said stock of goods, and fraudulently concealed this fact from appellant and his attorneys. And the bill further alleges that the appellee colluded and contrived with the codefendant J. W. McKinley to defraud appellant of the value of the shoes, and that the number of pairs of shoes that reached the possession of Edwards when he repurchased the stock of goods is well known to both Edwards and McKinley, but is unknown to appellant and his attorneys. It further alleged that the shoes taken by McKinley from the depot at Gitano, Miss., were mingled with the stock of goods then owned by him and a short time afterwards sold to appellee. There was attached to the original bill of complaint certain interrogatories to be propounded to Edwards, seeking to discover facts that are known only to Edwards and the codefendant McKinley, and attached to the bill was an itemized statement of the bill of shoes shipped by appellant to Edwards, and which afterwards came into the possession of the defendants. The defendants demurred to said bill of complaint on the ground that the controversy in question had been settled in another suit, and that all matters contained therein were *res adjudicata;* that the bill

showed on its face that the account in question was barred by the statutes of limitation; and that the complainant had a full, complete, and adequate remedy at law.    The demurrer was sustained, and complainant, refusing to amend, appeals to this court.

*Shannon & Schauber,* for appellant.

*Henry Hilbun,* for appellees.

POTTER, J., delivered the opinion of the court.

(After stating the facts as above).    While growing out of the same subject-matter, the facts involved in the suit presented by the bill of complaint in this case are entirely different from the facts relied upon by the appellant in its suit in the circuit court of Jones county against the appellee for the value of the shoes in question.    The facts in controversy in the first suit grew out of the original contract of sale and the release pleaded by the defendant.    This matter was resolved in favor of the defendant, and cannot be reopened.    The suit at bar arises from another cause.    The shoes in question were adjudged the property of appellant in the first suit, and it was for the conversion of this property that the second suit was brought.    The bill of complaint charges a conspiracy between the two defendants in this suit, McKinley and Edwards, to defraud the complainant.    The bill alleges that prior to the original suit the complainant in this case knew nothing about this fraudulent conspiracy, and did not know about same until within six months of the filing of the present suit. These matters were not in controversy in the first suit, and could not be in controversy because the complainant knew nothing about them.    The statute of limitations does not bar the complainant because it alleges that, although exercising reasonable diligence, it did not discover the fraud upon it until within six months

previous to the filing of this suit.   The statute, there-
fore, did not begin to run until the discovery by the
complainant of the fraud.

This is a proper suit to invoke the jurisdiction of the
chancery court.   There was a prayer for discovery and
a prayer for an accounting, and there were charges of
fraud, and the remedy at law is not "full and adequate
and complete" as is the remedy afforded by the chan-
cery court in this case.

*Reversed and remanded.*